UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **CALVIN CHRISTIAN III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 13-CV-3135 |
| ) | |
| **CITY OF SPRINGFIELD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

This case is before the court for ruling on the Motion to Dismiss (#9) filed by Defendants City of Springfield, Michelle Awe, Christopher Vollmer, Burton Brown, Eric Copelin, Mark Mitchell, Michael Egan and Unknown Springfield Police Officers, John Does and Jane Roes 1-10.  This court has carefully reviewed Plaintiff's Complaint (#1) and the arguments of the parties.  Following this thorough review, Defendants' Motion to Dismiss (#9) is GRANTED as to Count XIII, which Plaintiff has withdrawn, and DENIED as to the remaining counts of the Complaint.

BACKGROUND

On May 9, 2013, Plaintiff filed a Complaint (#1) against Defendants.  Plaintiff alleged that he filed a lawsuit against Defendant City of Springfield in July 2010 seeking access to disciplinary files of Springfield police officers.  Plaintiff alleged that the State Journal Register published multiple articles about the lawsuit and that the Judge ruled in Plaintiff's favor and required certain disciplinary files to be disclosed in response to Freedom of Information Act (FOIA) requests.  Plaintiff alleged that officers in the Springfield Police Department, including the named and unnamed Defendants, began to

systematically harass Plaintiff by issuing him numerous traffic citations and stopping his vehicle without probable cause or any other legal justification. Plaintiff alleged that he was stopped by various Defendants on May 9, 2011, June 2, 2011, July 17, 2011, June 3, 2012, July 13, 2012, and October 22, 2012. Plaintiff alleged that there was no probable cause or other legal justification for these stops. Plaintiff alleged that the June 3, 2012, traffic stop was made by Defendants Brown and Awe. Plaintiff alleged that he had previously filed a citizen complaint against Awe which resulted in disciplinary measures against Awe just a few months prior to this incident. Plaintiff alleged that, during the illegal stop, Defendant Brown violently grabbed Plaintiff and yanked him out of his vehicle. Plaintiff alleged that he was taken to St. John's Hospital for treatment of his injury sustained during the arrest. Plaintiff alleged that Defendant Awe issued traffic citations to Plaintiff.

Plaintiff also alleged that, on August 2, 2011, he was followed by two unknown Springfield police officers for more than six blocks and that the officers pointed at him and tried to intimidate him. Plaintiff alleged that, on January 30, 2013, he was at the drive-thru at a McDonald's restaurant and was approached by a police officer who began to write him a ticket. Plaintiff alleged that, once he took a picture of the officer, the officer left the scene without issuing the ticket. Plaintiff further alleged that many of the charges resulting from the traffic stops were dismissed or not pursued.

In Counts I, II, III, IV, V and VI, Plaintiff claimed that he was entitled to recover under 42 U.S.C. § 1983 for unreasonable seizure based upon the six traffic stops alleged in the Complaint. In Count VII, Plaintiff claimed that he was entitled to recover under § 1983

for excessive force by Defendant Brown.  In Count VIII, Plaintiff claimed that Defendant Awe had an opportunity to intervene when Plaintiff was subjected to excessive force but failed to do so.  In Count IX, Plaintiff claimed civil conspiracy under 42 U.S.C. § 1983.  In Count X, Plaintiff alleged a violation of his equal protection rights as a class of one.  In Count XI, Plaintiff alleged that Defendant City of Springfield was liable under § 1983 based upon *Monell*.  In Count XII, Plaintiff alleged that Defendant Awe was liable under state law for malicious prosecution.  In Count XIII, Plaintiff alleged that Defendant Mitchell was liable under state law for malicious prosecution.  In Count XIV, Plaintiff alleged that Defendant City of Springfield was liable for the actions of Awe and Mitchell under respondeat superior. In Count XV, Plaintiff alleged that Defendant City of Springfield was liable for any judgments for compensatory damages arising from the Defendant Officers' actions under the Illinois Tort Immunity Act.

On July 2, 2013, Defendants filed a Motion to Dismiss (#9) and a Memorandum in Support (#10).  Citing *Iqbal v. Ashcroft*, 556 U.S. 662 (2009), Defendants argued that Plaintiff has formulaically recited elements with bare assertions and that many of the paragraphs of the Complaint are conclusory with no factual support.  Defendants argued that Plaintiff's claims of unreasonable seizure in Counts I through VI are conclusory and not entitled to be presumed true because Plaintiff has given no facts upon which to base his legal conclusion that there was no probable cause for the traffic stops.  Defendants asserted that Plaintiff needed to answer such questions as "Was he not driving? Was he obeying the traffic laws of the State of Illinois? Was he not playing the music too loud?"  As far as Counts VII

3

and VIII, Defendants argued that Plaintiff failed to claim that the alleged force was unreasonable and failed to plead facts that show Awe had an opportunity to intervene or acted with deliberate indifference. Citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), Defendants argued that Count IX is insufficient because Plaintiff's allegation of a conspiracy is an unsupported legal conclusion. Defendants also argued that Count X is insufficient to state a "class of one" equal protection claim and that Count XI does not state a *Monell* claim. Defendants also argued that Counts XII and XIII are not ripe because the malicious prosecutions he is claiming have not yet terminated. Defendants asked this court to dismiss Counts I to XIII.

On July 19, 2013, Plaintiff filed a Response to Defendants' Motion to Dismiss (#13). Plaintiff stated that, in his present Complaint, he has alleged a pattern of police harassment by members of the Springfield Police Department. He stated that the harassment arises from Plaintiff's public and persistent pursuit of his FOIA requests for disciplinary files of Springfield police officers. Plaintiff stated that he has been successful in his pursuits, winning multiple legal rulings against the Springfield Police Department because of its stubborn refusal to follow the law. Plaintiff stated that, not surprisingly, he has found himself in the cross hairs of local law enforcement. Plaintiff stated that, following the filing of a FOIA lawsuit against the Springfield Police Department in 2010, he has been subjected to numerous unpleasant and unreasonable police encounters. Plaintiff argued that he was left with no choice but to file this lawsuit.

Plaintiff then argued that he has properly and completely addressed all requirements

for every one of the counts in his 13-page, 116-paragraph Complaint. Plaintiff stated that the six counts for unreasonable seizure relate to six separate instances where he was stopped in his vehicle. Plaintiff argued that the allegations put Defendants on notice of which particular stops were unreasonable by providing the date and the name of each individual Defendant involved. Plaintiff argued that his Complaint stated that these particular traffic stops lacked probable cause and the individual Defendants did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was involved in criminal activity. Plaintiff stated that he also alleged that the individual Defendants involved did not have any other legal justification to seize Plaintiff for each stop, thereby stating that he did not commit the alleged traffic violations that Defendants stated was the justification for the stop. Plaintiff argued that he met the requirement to plausibly allege the deprivation of a constitutional right. Plaintiff also argued that he properly pled a claim for excessive force because he alleged that Defendant Brown "violently grabbed Plaintiff and yanked him out of his vehicle" and violated his right "to be free from the use of excessive and unreasonable force." Plaintiff further contended that he has properly pled a claim for failure to intervene because he did, in fact, allege that Awe had an opportunity to intervene and was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

Plaintiff also argued that he has properly pled a claim for civil conspiracy because of the many facts alleged in his Complaint which undergird the civil conspiracy count as well as the rest of Plaintiff's claims. Plaintiff argued that, taken as true, the specifically-pled allegations regarding the series of events in this case suggests coordinated conduct by several

officers intended to harass Plaintiff.  Plaintiff further argued that he has properly pled a "class of one" equal protection claim and a *Monell* claim.  As far as Count XII, Plaintiff argued that he sufficiently alleged that the criminal proceedings were terminated in his favor and has stated a claim for malicious prosecution.  Plaintiff agreed with Defendants, however, that a part of the underlying criminal matter alleged in Count XIII is still pending.  Plaintiff stated that he would voluntarily withdraw Count XIII until the criminal case has concluded.

## ANALYSIS

In considering Defendants' Motion to Dismiss, this court must presume the truth of the facts alleged in Plaintiff's Complaint and draw all reasonable inferences in his favor.  *See Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012).  The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007).  Conclusory statements or the mere recitation of the elements of the cause of action are insufficient.  *Twombly*, 550 U.S. at 555-56.  To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Twombly*, 550 U.S. at 570.  A claim for relief is plausible if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011), *quoting Iqbal*, 556 U.S. at 678.  The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing

allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

This court has carefully reviewed Plaintiff's Complaint under the applicable standard. This court agrees with Plaintiff that his claims of unreasonable seizure regarding the six specified traffic stops are sufficient to plausibly allege that the stops were unreasonable and violated Plaintiff's constitutional rights.[1] This court also agrees with Plaintiff that his claims of excessive force and failure to intervene include sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678; *Arnett*, 658 F.3d at 751-52.

This court further agrees with Plaintiff that he has properly pled a cause of action for civil conspiracy. In *Geinosky*, the Seventh Circuit concluded that the plaintiff's civil conspiracy claim should not have been dismissed by the district court. The Seventh Circuit stated:

> While the complaint makes only rather conclusory direct allegations of conspiracy, the complaint also alleges a pattern of harassment by several officers over a period of months. It is a challenge to imagine a scenario in which that harassment would

---

[1] A quick look at the Sangamon County circuit clerk's website reveals that a huge number of cases, most of which are traffic cases, have been brought against Plaintiff over the last few years. Defendants have argued that Plaintiff has received more than 75 traffic citations, yet has not complained about most of these citations. This court recognizes that, if Plaintiff was properly stopped for traffic violations on approximately 69 occasions, it seems somewhat unlikely that 6 traffic stops for the same kinds of offenses were in violation of his Constitutional rights. At this stage in the proceedings, however, this court must look solely at the allegations of the Complaint and must accept all factual allegations as true.

> not have been the product of a conspiracy. . . . If several members of the same police unit allegedly acted in the same inexplicable way against a plaintiff on many different occasions, we will not dismiss a complaint for failure to recite language explicitly linking these factual details to their obvious suggestion of collusion. Geinosky's allegations of a conspiracy among the officers of Unit 253 to harass him by issuing bogus parking tickets go well beyond the required threshold.

*Geinosky*, 675 F.3d at 749. This court agrees with Plaintiff that his lengthy fact-pleading alleges a pattern of harassment by the individual Defendants which sufficiently anchors his civil conspiracy claim, meeting the standard set out in *Geinosky*. In addition, this court agrees that Plaintiff, who has alleged that he is the target of numerous unlawful stops and other harassing behavior by officers of the Springfield Police Department, has set out enough facts to plead a civil conspiracy claim.

This court also concludes that Plaintiff has adequately stated an equal protection claim. To state a so-called "class-of-one" equal protection claim, Plaintiff must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Geinosky*, 675 F.3d at 747, *quoting Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008). The Seventh Circuit stated in *Geinosky* that it has held "that class-of-one claims can be brought based on allegations of the irrational or malicious application of law enforcement powers." *Geinosky*, 675 F.3d at 747,

*citing Hanes v. Zurick*, 578 F.3d 491, 495 (7th Cir. 2009). In *Geinosky*, the Seventh Circuit concluded that the plaintiff's class-of-one claim was improperly dismissed. The Seventh Circuit stated:

> Here, the pattern and nature of defendants' alleged conduct do the work of demonstrating the officers' improper discriminatory purpose. Geinosky's general allegation that defendants "intentionally treated plaintiff differently than others similarly situated" is sufficient here, where the alleged facts so clearly suggest harassment by public officials that has no conceivable legitimate purpose. To require more would elevate form over substance. Geinosky's complaint states a class-of-one claim in light of the pattern of unjustified harassment he has alleged.

*Geinosky*, 675 F.3d at 748. This court concludes that Plaintiff's allegations in this case are similar. Plaintiff has alleged that he was harassed through numerous unreasonable traffic stops, that he was followed by police, and that a Springfield police officer attempted to issue a parking ticket while he was waiting for food at a McDonald's. Plaintiff alleged that the reason for these actions was because the Defendant police officers were angry with him for filing a lawsuit seeking disciplinary files of Springfield police officers and for causing Defendant Awe to be disciplined for misconduct. Plaintiff further alleged, like the plaintiff in *Geinosky*, that Defendants "intentionally treated Plaintiff differently than others similarly situated." This court therefore agrees with Plaintiff that, based on *Geinosky*, he has

9

adequately stated a class-of-one equal protection claim.

This court further agrees with Plaintiff that, at this stage of the proceedings, he has adequately stated a *Monell* claim against Defendant City of Springfield. A municipality is not liable under § 1983 unless the constitutional violations at issue are caused by a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Under *Monell*, a plaintiff may establish municipal policy liability by showing that the constitutional deprivation was caused by: (1) the enforcement of an express policy; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or usage with the force of law; or (3) a person with final policymaking authority. *Palka v. City of Chicago*, 662 F.3d 428, 434 (7th Cir. 2011). In this case, Plaintiff has alleged that the Internal Affairs Division of the Springfield Police Department conducts sham investigations and does not maintain adequate complaint files against police officers. Plaintiff has argued that this de facto policy of not conducting proper investigations and not properly disciplining officers fosters an environment wherein officers felt that they could violate citizen's civil rights with impunity. This court concludes that Plaintiff's allegations are sufficient. *See Obrycka v. City of Chicago*, 2012 WL 601810, at *6-7 (N.D. Ill. 2012).

Finally, this court agrees with Plaintiff that Count XII is sufficient to state a cause of action for malicious prosecution under Illinois law. Plaintiff has agreed with Defendants that part of underlying criminal matter is still pending regarding the criminal charge which is the basis of Count XIII. Plaintiff has agreed to voluntarily withdraw Count XIII and Count XIII is therefore dismissed.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion to Dismiss (#9) is GRANTED in part and DENIED in part. Plaintiff has withdrawn Count XIII, so that Count is dismissed.  The Motion to Dismiss is DENIED as to the remaining Counts of the Complaint.

(2) This case is referred to Magistrate Judge David G. Bernthal for further proceedings.

ENTERED this 6th  day of March, 2014.


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE